UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANE BARBER                                          CIVIL ACTION

VERSUS                                                NO. 18-6914

SPINAL ELEMENTS                                       SECTION "R" (3)


**ORDER AND REASONS**

Before the Court is plaintiff Shane Barber's motion for a new trial[1] and motion for a continuance and an extension of deadlines.[2] Despite failing to file a response to defendant's motion for summary judgment, plaintiff now asks for relief from summary judgment on the basis of deposition testimony scheduled to be taken two weeks after the close of fact discovery. Because plaintiff has failed to show any reason why the Court's grant of summary judgment should be altered, the Court denies both motions.

I.   **BACKGROUND**

This is a product liability case. On June 11, 2018, plaintiff Shane Barber filed a petition for damages in Louisiana state court, alleging that an

---

[1]   R. Doc. 25.
[2]   R. Doc. 23.

orthopedic screw installed during a surgery performed by Dr. John Logan had broken and that this fracture was causing him pain.[3] On July 23, 2018, defendant removed the action to this Court on the basis of diversity jurisdiction.[4] On September 20, 2018, a preliminary conference was held and the Court issued a scheduling order.[5] The scheduling order allowed nearly a year for discovery.[6] It stated that "depositions for trial use shall be taken and all discovery shall be completed no later than August 13, 2019."[7] It also required that "Plaintiff's expert disclosures shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than June 14, 2019."[8]

Although required to carry the burden of proof, plaintiff took a lackadaisical approach to discovery, and flouted a number of deadlines imposed by the Court. For example, plaintiff did not respond timely to defendant's interrogatories and requests for production, requiring defendant to file a motion to compel.[9] Plaintiff also failed to respond to defendant's requests to set plaintiff's deposition, and defendant had to move forward to

---

[3] R. Doc. 1.
[4] *Id.*
[5] R. Doc. 10.
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*
[9] R. Doc. 12.

set the deposition unilaterally.¹⁰ As of June 2019, nine months after discovery began, plaintiff had not set a single deposition and had engaged only in basic written discovery.¹¹ Notably, plaintiff's expert disclosure deadline came and went, and he disclosed no one.¹²

On July 1, 2019, defendant filed a motion for summary judgment.¹³ In accordance with the local rules of this District, plaintiff's response was due on July 9, 2019. *See* E.D. La. Civ. R. 7.5 ("Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities not later than eight days before the noticed submission date."). Plaintiff did not file a response, request additional time in which to file a response, or file a Rule 56(d) motion requesting deferral in light of additional forthcoming discovery. The motion was submitted to the Court for decision on July 17, 2019.

On July 28, 2019, nearly three weeks after the response was due, plaintiff filed a deficient motion to continue all deadlines and the trial date set for September 20, 2019.¹⁴ Before this deficiency was remedied, on August 5, 2019, the Court granted defendant's unopposed motion for summary

---

10   *See* R. Doc. 26-2.
11   *See* R. Doc. 26 at 1, 4.
12   *Id* at 4.
13   R. Doc. 17.
14   R. Doc. 21.

3

judgment, finding that there was no genuine dispute as to any material fact and that Barber could not prove his case in this complex products liability dispute without expert testimony.[15] Plaintiff subsequently remedied the deficiency with his motion for a continuance and properly filed it.[16] On August 9, 2019, plaintiff filed a motion for a new trial, arguing that the forthcoming deposition of Dr. John Logan—scheduled for August 21, 2019, a week after discovery was to be closed—would provide expert testimony and remedy the concerns expressed by the Court.[17]

## II. DISCUSSION

Plaintiff cites both Federal Rules of Civil Procedure 59 and 60 in his motion for a new trial.[18] The Court will examine his request under both Rules.

### A. Rule 59

Plaintiff moves for a new trial under Rule 59(a)(2), which states that "after a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings

---

[15] R. Doc. 22.
[16] R. Doc. 23.
[17] *See* R. Doc. 25.
[18] *See* R. Doc. 25.

4

of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). But there has been no nonjury trial in this case. Instead, the Court entered summary judgment. The proper vehicle by which to challenge summary judgment is Rule 59(e). The Court therefore construes plaintiff as moving under Rule 59(e).

Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . ." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following

criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based"; (2) "present[ing] newly discovered or previously unavailable evidence"; (3) "prevent[ing] manifest injustice"; and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Mar. 19, 1998). But the motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Matter of Life Partners Holdings, Inc.*, 926 F.3d at 128 (quoting *Schiller*, 342 F.3d at 567).

Here, plaintiff seems to argue that newly discovered or previously unavailable evidence, in the form of the deposition testimony of Dr. John Logan, merits reconsideration of the Court's judgment. Specifically, plaintiff argues that the Court's grant of summary judgment was "premature because Dr. Logan's Deposition is a necessary device for establishing Plaintiff's case in chief."[19] Plaintiff makes no other argument as to why this Court should amend its judgment.

Where a party seeks to upset a summary judgment on the basis of evidence not timely presented, the Court must balance four factors:

> (1) the reasons for the failure to file the evidence in a timely fashion;

---

[19] R. Doc. 25-2 at 5.

> (2) the importance of the evidence to the moving party's case;
>
> (3) whether the evidence was available before the summary judgment decision was made; and
>
> (4) the likelihood the non-moving party will suffer prejudice in the motion to alter is granted.

*Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). The Court considers each factor below.

Because they are interrelated, Court considers together the first factor—the reasons for the failure to file the evidence in a timely fashion—and the third factor—whether the evidence was available before the summary judgment decision was made. Although not clear from the motion, plaintiff seems to argue that he did not file a response discussing Dr. Logan's testimony because he had not yet been deposed, and thus it was unavailable. But this argument "could, and should, have been made before the judgment issued." *Matter of Life Partners Holdings, Inc.*, 926 F.3d at 128.

Plaintiff's motion does not explain why he failed to respond the motion for summary judgment and offer the Court notice he planned to take Dr. Logan's deposition. The Federal Rules offer a clear mechanism for just such a response: Rule 56(d), under which a party asks the Court to defer or deny the motion until additional discovery may be taken. *See* Fed. R. Civ. P. 56(d).

7

Plaintiff filed no such motion here, but rather waited for weeks after the motion had been submitted to the Court for decision to take any action.

Moreover, plaintiff's motion for a new trial fails to explain why Dr. Logan's testimony could not have been made previously available through plaintiff's diligence. Dr. Logan was named in the plaintiff's complaint, which was filed on June 11, 2018.[20] Plaintiff therefore knew he would be a potential witness in this case before even bringing suit. Nevertheless, after failing to engage in virtually any discovery in the first nine months after the scheduling order was issued, plaintiff now argues that the deposition of an "indispensable witness" it finally sought to depose after the close of fact discovery is worth upsetting the finality of a summary judgment that plaintiff never bothered to oppose. But plaintiff offers no explanation for his lack of diligence in prosecuting this matter. The Court therefore finds that both the first and third factors weigh heavily against granting plaintiff's motion.

As to the second factor, the importance of the testimony to plaintiff's case, the Court is unconvinced that the testimony of Dr. Logan is important to or would even support plaintiff's case. To the extent plaintiff intended to call Dr. Logan as an expert, he was required to disclose as much to defendants in June. No such disclosure was made. Plaintiff may therefore

---

[20] R. Doc. 1-1 at 1.

be precluded from relying upon Dr. Logan as an expert. *See, e.g., Honey-Love v. United States*, 664 Fed. App'x 358, 361-62 (5th Cir. 2019) (holding that a court may exclude experts who are not properly disclosed); *see also Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("Consistent with the authority vested in the trial court by [Federal Rule of Civil Procedure] 16, our court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979))).

Moreover, plaintiff does not explain what it expects Dr. Logan to testify to, or how such testimony will support his case. Rather, plaintiff makes only conclusory statements that Dr. Logan is "an indispensable witness . . . [who] will be able to attest to the faulty nature of the screw and/or cage."[21] But Dr. Logan has already provided a sworn affidavit in which he states that the Zeus #14 cage at issue in this litigation is not the cause of the orthopedic screw facture.[22] Plaintiff does not make clear how he intends to rely upon the expertise of a witness to prove his case when that witness has already directly contradicted his claims. The Court therefore finds that plaintiff fails to show the importance of Dr. Logan's testimony to his case, and it will not upset its

---

[21] R. Doc. 25-2 at 2.
[22] R. Doc. 26-5 at 1.

grant of summary judgment on these grounds. This factor also weighs against granting plaintiff's motion.

Finally, granting plaintiff's motion to amend the Court's judgment and allow continued discovery and a trial would certainly prejudice defendant. Spinal Elements has vigorously defended itself in this suit, and it clearly spent considerable effort moving for summary judgment. To upset the finality of the Court's judgment and allow additional discovery will undoubtably force defendant to incur costs defending a case it has otherwise won. The Court therefore finds this factor also weights against granting plaintiff's motion.

Because plaintiff has demonstrated no grounds for the extraordinary remedy he seeks, his motion under Rule 59 fails.

**B. Rule 60**

Plaintiff also moves under Rule 60(b)(1) and 60(b)(2) for relief from judgment. The Court notes that These provisions state that a party is entitled to relief only if he makes a showing of: "(1) mistake, inadvertence, surprise, or excusable negligent, [or] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). However, Rule 60(b) is not a substitute for appeal, and the Court should weigh the importance of

finality of judgments in determining whether relief under 60(b) is warranted. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984). The Court should also consider whether the party moved for reconsideration within a reasonable time, whether the Court considered the action on the merits, and whether there are intervening equities that would make it inequitable to grant relief. *Id.*

Plaintiff's motion under Rule 60(b) fares no better than it did under Rule 59(e), for similar reasons. Plaintiff has not demonstrated excusable neglect. And had the plaintiff exercised reasonable diligence, this testimony would have been available before the motion for summary judgment, or plaintiff would have informed the Court of the upcoming deposition in a timely manner. Plaintiff makes no argument for relief from the judgment other than his conclusory claim that a witness who has already signed an affidavit decidedly in opposition to plaintiff's arguments will somehow support plaintiff's case. The Court therefore finds no reason to upset the finality of its judgment.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for a new trial is DENIED WITH PREJUDICE and plaintiff's motion for a continuance and extension of deadlines is DENIED AS MOOT.

New Orleans, Louisiana, this __7th__ day of November, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE